Opinion of the Court.
Kirkpatrick C. J.
There are two reasons assigned for the reversal of this judgment. ^ °
1. That the summons was served on John Ford and Jonathan Wright, only, and no notice taken in the return of the other defendant, John Seward, and yet that judgment was entered against all, in the absence and without the appearance of the said Seward.
2. That the justice admitted parol evidence of the contents of the article of agreement, upon which the action *104 was founded, without requiring the article itself to be pro- and without notice having been given to the defondants, in whose custody it was said to be, to produce the same.
Both these reasons are verified by the record, and both are fatal to the judgment.
As to the first. Our mode of proceeding against joint debtors who do not appear and plead, was founded upon the colonial act of 1771, making joint debtors answerable, separately for the joint debts. This act, in its preamble, sets forth the evil which it intends to remedy, viz. that debts due from joint partners could not be recovered unless all the partners were brought into court to answer, &c. which, many times could not be done; and that the proceedings to outlawry to compel an appearance, were not in use in the colony; and therefore it enacts that such debtors shall be answerable separately for their debts; that the creditor *may issue process against all; that such as shall be brought into court shall answer, &c.; and that if judgment shall pass for the plaintiff against him or them so brought in, he shall have judgment and execution against the others also, named in the proofs, in the same manner as if they too had been brought in and answered.
In the construction of this act, it was always holden, that in order to justify a judgment against such absent partner or joint debtor not in court, it was essential that the sheriff or other officer should return on the process (and that it should so appear on the record) that he was not to be found within his bailiwick. This brought him fairly within the meaning of the act, and gave the plaintiff a remedy where the evil existed. The joint debtor, not being within the reach of the process of the court, was the very ground upon which the act authorized proceedings and judgment against him, in his absence. Had it been otherwise, the best man in society might have had judgment and execution against him, without an opportunity of being heard, from the mere negligence of the officer.
The statute of 1797, on the same subject, and which repeals this act (if indeed- it is repealed at all) is less *105 explicit and somewhat different in its phraseology. It does not expressly confine this mode of proceeding those who cannot be brought in upon process, but leaves it more at large, as if judgment might be entered against the joint debtor, not appearing, in all cases; it authorizes judgment too, not against such absent joint debtor as shall be named in the proofs, but against such as shall be named in the process. Whether this is a mere mistake in the printing, or in the engrossing, or whether it was really so designed by the legislature, is not certainly known; but it is manifestly a great hardship upon the absent defendant. He is not only to be condemned in his absence, but condemned without proof ; and perhaps too concatenated, as a defendant, with some unprincipled fellow, who appears and suffers judgment to go against him for that very purpose.
But, however this may be, this statute of 1797, though less explicit in its mode of expression, from the reason and justice of the thing itself, as well as from its coming in the place of the act of 1771, and being intended substantially to remedy the same evil, has always received the same construction which had been *given to that act, and many cases have been decided in this court, on that principle.
When there are two or more defendants, therefore, and process is not served upon all, the court cannot proceed to try the cause, nor to pronounce judgment against all, unless the officer shall have returned, that those upon whom it is not served, are not to be found in his bailiwick, or words to that effect; so that it may appear upon the record, that their absence is owing, not to the negligence of the officer, nor to the contrivance of the plaintiff, but to their being without the reach of the process of the court.
As to the second reason. It was not enough that the article should have been proved to be in the hands of the defendants, as was attempted to be done here. They must also have had notice to produce it, in order to let in parol evidence of its contents. This is a well settled rule, and founded upon the soundest principles.
The judgment, therefore, must be reversed.